UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DAYLON MCCAULEY** | **CIVIL ACTION NO. 20-1552-P** |
| **VERSUS** | **JUDGE WALTER** |
| **CADDO CORRECTIONAL CENTER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Daylon McCauley ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on December 2, 2020. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. Plaintiff names Commander Rick Farris, Kelly Hayes, Nikki Mastrodominico, Lt. Meotayor, and the Caddo Correctional Center as defendants.

Plaintiff claims that on November 22, 2020, Nikki Mastrodominico placed the Alpha Unit on quarantine because two inmates had Covid-19. He claims Commander Rick Farris and Director Kelly Hayes are not taking safety measures to prevent the spread of Covid-19. He claims new inmates and deputies are not tested for Covid-19. He claims the untested inmates are being housed with inmates who have been incarcerated for six or more months. He claims inmates have not been given soap to prevent the spread of Covid-19. He claims the Alpha Unit has had Covid-19 cases three times in 2020.

Plaintiff claims he was confined in an eight feet by ten feet cell with two other inmates. He claims there was no room to exercise for 24 hour periods.

Plaintiff claims Lt. Metoyer and Sgt. Dominico denied him the right to contact his family. He claims his telephone privileges were taken away even though he had not violated any rules or regulations of the facility.

Plaintiff claims he was not allowed to clean his cell. He claims showers are covered with mold. He claims the showers have not been power washed by maintenance.

Accordingly, Plaintiff seeks monetary compensation.

For a Section 1983 claim to be meritorious, the Plaintiff must allege facts sufficient to establish that state actors were deliberately indifferent to his constitutional rights. See Whitley v. Albers, 475 U.S. 312 (1986). Before this court can determine the proper disposition of this matter, the Plaintiff should be given the opportunity to set forth with specificity the factual basis of his claim. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

For this court to determine what action, if any, shall be taken on this suit;

**THE CLERK IS DIRECTED** to serve by mail, a copy of this memorandum order upon the Plaintiff, who is **ORDERED** to furnish to the Clerk of Court in Shreveport, Louisiana, within thirty (30) days after service of this order, an amended complaint setting forth the factual allegations of his civil rights suit. Specifically, the Plaintiff must submit the following to this court:

1. **WHO** violated his civil rights;

2. **WHEN** his civil rights were violated;

3. **HOW** his civil rights were violated;

4. A list of **specific damages or prejudice** suffered by him;

5. How long he was denied exercise, indoors and outside;

6. Did he have access to soap and/or hand sanitizer and if not, how long was he denied access;

7. How often did he receive a clean mask; and

8. Why were telephone privileges denied and for how long.

Failure to do so will result in dismissal of Plaintiff's suit pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 9th day of March 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge